

# ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHITECTURAL POLYMERS, INC., | 3:CV 03-0950 |
| Plaintiff | |
| vs. | Civil Action No. |
| JAMES KENNETH PASSENO, | Judge _____ |
| Defendant | |

FILED
JUN 0 9 2003
MARY E. D'ANDREA, CLERK
PER _____ HBG, PA DEPUTY CLERK

## COMPLAINT

### The Parties

1. Plaintiff Architectural Polymers, Inc. ("Architectural Polymers") is a Pennsylvania corporation with its principal place of business in New Ringgold, Pennsylvania and is a successor in interest to Poly Creations, Inc. d/b/a Poly Creations ("Poly Creations"), a Pennsylvania corporation with its principal place of business in New Ringgold, Pennsylvania.

2. Upon information and belief, Defendant James Kenneth Passeno ("Passneo") is an adult individual with his residence in Grant, Michigan.

## Jurisdiction

3. This Court has original jurisdiction under 28 U.S.C. § 1331 in that the action is a federal question under the laws of the United States concerning actions relating to patents under 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over Passeno because Passeno sent three letters to Architectural Polymers at its place of business in New Ringgold, Pennsylvania, charging that patent infringement was taking place in New Ringgold, Pennsylvania.

## Factual Summary

5. On March 20, 2000, U.S. Patent No. 6,041,567, entitled "FORMLINER FOR DECORATIVE WALL," was issued to Passeno, a copy of which is attached hereto as Exhibit "A."

6. On December 26, 2000, U.S. Patent No. 6,146,037, entitled "FORMLINER FOR DECORATIVE WALL," was issued to Passeno, a copy of which is attached hereto as Exhibit "B." Hereinafter the patents described in Paragraphs 5 and 6 are referred to collectively as the "Patents."

7. Architectural Polymers has made and/or offered for sale, within the past three years and since the issuance of the Patents, a certain brick formliner apparatus (illustrated on its website at

http://www.architecturalpolymers.com/versabrixportfolio.php; a copy of this illustration is attached hereto as Exhibit "C") and similar products.

8. Passeno has charged Architectural Polymers with infringement of the Patents and all claims thereof by letter dated August 23, 2002, a copy of which is attached hereto as Exhibit "D," by letter dated November 21, 2002, a copy of which is attached hereto as Exhibit "E," and/or by letter dated May 23, 2003, a copy of which is attached hereto as Exhibit "F."

9. In September 1994, as evidenced by an invoice for a formliner dated September 26, 1994, a copy of which is attached hereto as Exhibit "G," Poly Creations sold a brick formliner substantially identical to the brick formliner sold by Architectural Polymers shown in Exhibit "C."

10. This Poly Creations formliner was substantially identical to a type of liner that Scott Systems, another manufacturer, has been making for many years, and Defendant admitted this in his letter dated November 21, 2002, attached as Exhibit "E."

11. From September 1994 through 2000, Poly Creations sold numerous formliners substantially identical to the brick formliner shown in Exhibit "C" and Exhibit "D."

12. There is a substantial and continuing justiciable controversy between Architectural Polymers and Passeno as to Passeno's right to threaten, continue to

threaten, or maintain suit for infringement of the Patents, and as to the validity and scope of the claims of the Patents thereof, and as to whether any of Architectural Polymers' equipment and/or products infringes any valid claim thereof.

### Count I: Declaratory Judgment of Noninfringement

13. Paragraphs one (1) through twelve (12), above, are incorporated herein by reference as if separately repeated here.

14. Upon information and belief, the Patents set forth in Exhibits "A" and "B" are unenforceable against Architectural Polymers because none of Architectural Polymers' products infringe any valid claims of Passeno's Patents.

15. Upon information and belief, Passeno did not make an adequate investigation of Architectural Polymers' brick formliner and similar products prior to charging Architectural Polymers with infringement of the Patents.

16. Upon information and belief, because his investigation of Architectural Polymers' brick formliner and similar products was inadequate, Passeno did not act in good faith when he charged Architectural Polymers with infringement of the Patents.

17. Upon information and belief, because Passeno did not act in good faith when he charged Architectural Polymers with infringement of the Patents, this case is an exceptional case under 35 U.S.C. § 285, entitling Architectural Polymers to reasonable attorney's fees.

18.  Upon information and belief, Passeno, with knowledge of the activities of Architectural Polymers, has failed to assert the Patents for a period of nearly two (2) years while Architectural Polymers invested time and money in building its business and goodwill, and Passeno is now guilty of laches and cannot maintain any cause of action against Architectural Polymers under the Patents.

### Count II: Declaratory Judgment of Invalidity

19.  Paragraphs one (1) through eighteen (18), above, are incorporated herein by reference as if separately repeated here.

20.  Upon information and belief, the Patents are invalid, unenforceable, and void, for one or more of the following reasons:

(a) Passeno's Patents are invalid under 35 U.S.C. § 102 based on prior art articles made and/or sold by Poly Creations and/or other third parties prior to the time Passeno's alleged inventions set forth in the Patents were made;

(b) Passeno's Patents are invalid under 35 U.S.C. § 102 based on prior art articles made and/or sold by Poly Creations and/or other third parties in the United States of America ("U.S.A."), and/or public use of such articles in the U.S.A., more than one year prior to the filing date of Passeno's Patents;

(d) Passeno's Patents are invalid under 35 U.S.C. § 102 based on the fact that prior to the time Passeno's alleged inventions set forth in the Patents were made, Passeno's alleged inventions were patented and/or described in printed publications in the U.S.A. and/or in foreign countries;

(e) Passeno's Patents are invalid under 35 U.S.C. § 103 in light of the prior art available at the time the alleged inventions set forth in the Patents were made, since the subject matter as claimed in the Patents would have been obvious to a person skilled in the art to which the alleged inventions related and do not constitute patentable inventions;

(g) Passeno's Patents are invalid under 35 U.S.C. § 112 because the Patents do not particularly point out and distinctly claim the part, improvement, method, steps, or combination which Passeno claims as his invention; and,

(h) Passeno's Patents are invalid under 35 U.S.C. § 112 because the claims of the Patents, and each of them, are excessively vague and/or indefinite and/or do not distinctly point out and define the invention.

**WHEREFORE,** Architectural Polymers requests the following relief:

A.   Judgment in favor of Architectural Polymers and against Passeno;

B.    Entry of judgment and an order: that Passeno is without right or authority to threaten or maintain suit against Architectural Polymers, or its customers, for alleged infringement of U.S. Patent No. 6,041,567 and/or No. 6,164,037; that the Patents are invalid, unenforceable, and void in law; and, that the Patents are not infringed by Architectural Polymers, because of the making, selling, or using of any apparatus made or sold or used by Architectural Polymers;

C.    Entry of an order enjoining Passeno, his agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice thereof, from initiating infringement litigation and from threatening Architectural Polymers or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Architectural Polymers' devices or apparatus, with infringement litigation or charging any of them either orally or in writing with infringement of U.S. Patent No. 6,041,567 and/or No. 6,164,037, because of the manufacture, use, or selling or offering for sale of apparatus made by Architectural Polymers, to be made permanent following trial;

D.    Enter of judgment for costs and reasonable attorney's fees incurred by Architectural Polymers herein; and,

E.  All other just and proper relief.

        McNEES WALLACE & NURICK LLC

        By <u>  s/Jonathan P. Miller</u>
          Harvey Freedenberg
          I.D. No. PA23152
          Carmen Santa Maria
          I.D. No. PA49683
          Jonathan P. Miller
          I.D. No. PA86073
          100 Pine Street
          P.O. Box 1166
          Harrisburg, PA 17108-1166
          (717) 232-8000

        Attorneys for Plaintiff
        Architectural Polymers, Inc.

Dated:  June 9, 2003

```
Mon Jun  9 17:03:24 2003

UNITED STATES DISTRICT COURT

SCRANTON       , PA

Receipt No.   111 138875
Cashier         jill

Check Number:  122039

D0 Code    Div No
 4667       1

Sub Acct Type Tender     Amount
1:510000  N    2          90.00
2:086900  N    2          60.00

Total Amount        $    150.00

MCNEES WALLACE P.O. BOX 1166 HBG., P
A 17108

FILING FEE FOR COMPLAINT IN 3:CV-03-
950



cn


Mon Jun  9 17:03:24 2003

Check No.   122039
Amount:     150.00
Pay to: Federal Reserve Bank,
General Depository for credit to
United States Treasury Central Acct
```