IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHITECTURAL POLYMERS, INC. : <br> : <br> Plaintiff : <br> : Civil Action No. 3:CV-03-0950 <br> vs. : <br> : Senior Judge Richard P. Conaboy <br> JAMES KENNETH PASSENO, : <br> : FILED ELECTRONICALLY <br> Defendant : | |

## REPLY TO COUNTERCLAIM

### Jurisdiction and Venue

1. Admitted, except that it is denied that the Counterclaim states a claim upon which relief can be granted under the patent laws of the United States.

2. Admitted in part and denied in part. The allegation regarding Passeno is admitted. Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 2 of Defendants' Counterclaim, and the same are therefore denied.

3. Admitted.

4. Denied.

Facts

5. Denied. Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5 of Defendants' Counterclaim, and the same are therefore denied.

6. Admitted.

7. Denied. Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 7 of Defendants' Counterclaim, and the same are therefore denied.

8. Denied. Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8 of Defendants' Counterclaim, and the same are therefore denied.

9. Admitted.

10. Denied. Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 10 of Defendants' Counterclaim, and the same are therefore denied.

11. Denied. Plaintiff Architectural Polymers, Inc. is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11 of Defendants' Counterclaim, and the same are therefore denied.

12.   Denied.  Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 12 of Defendants' Counterclaim, and the same are therefore denied.

13.   Denied.  Plaintiff Architectural Polymers, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13 of Defendants' Counterclaim, and the same are therefore denied.

14.   Admitted.

## Claims for Relief

15.   Plaintiff Architectural Polymers, Inc. incorporates herein by reference the averments of Paragraphs 1-14, above.

16.   Denied.

17.   Denied.

18.   Denied.

WHEREFORE, Plaintiff Architectural Polymers, Inc. demands that the Counterclaim of Defendant James Kenneth Passeno and Counterclaim

Plaintiff K-Tel Corporation d/b/a Universal ThinBrick Systems, Inc. be dismissed with prejudice, and that the costs of this action be awarded to Plaintiff.

### First Defense

20. Passeno's Patents are invalid under 35 U.S.C. § 102 based on prior art articles made and/or sold by, Poly Creations and/or other third parties in the United States of America ("U.S.A."), and/or public use of such articles in the U.S.A., more than twelve months prior to the filing dates of Passeno's Patents.

### Second Defense

21. Passeno's Patents are invalid under 35 U.S.C. § 102 based on prior art articles made and/or sold by, James Kenneth Passeno and/or K-Tel in the U.S.A. and/or public use of such articles in the U.S.A., more than twelve months prior to the filing dates of Passeno's Patents.

### Third Defense

22. Passeno's Patents are invalid under 35 U.S.C. § 102 based on prior art articles made and/or sold by Poly Creations and/or other third parties prior to the time Passeno's alleged inventions set forth in the Patents were made.

### Fourth Defense

23. Passeno's Patents are invalid under 35 U.S.C. § 102 based on the fact that prior to the time Passeno's alleged inventions set forth in the Patents were made, Passeno's alleged inventions were patented and/or described in printed publications in the U.S.A. and/or in foreign countries.

### Fifth Defense

24. Passeno's Patents are invalid under 35 U.S.C. § 103 in light of the prior art available at the time the alleged inventions set forth in the Patents were made, since the subject matter as claimed in the Patents would have been obvious to a person skilled in the art to which the alleged inventions related and do not constitute patentable inventions.

### Sixth Defense

25. Passeno's Patents are invalid under 35 U.S.C. § 112 because the Patents do not particularly point out and distinctly claim the part, improvement, method, steps, or combination, which Passeno claims as his invention.

### Seventh Defense

26. Passeno's Patents are invalid under 35 U.S.C. § 112 because the claims of the Patents, and each of them, are excessively vague and/or indefinite and/or do not distinctly point out and define the invention.

## Eighth Defense

27.  Architectural Polymers is not liable for the infringement of either of Passeno's Patents.

## Ninth Defense

28.  Passeno's Patents are unenforceable against Architectural Polymers.

## Tenth Defense

29.  Neither Passeno nor K-Tel provided public notice that its products were covered by Passeno's Patents as set forth in 35 U.S.C. § 287.

## Eleventh Defense

30.   K-Tel is neither a licensee nor an exclusive licensee of Passeno's Patents and has no standing to sue Architectural Polymers and/or collect costs, damages, and/or attorney's fees from Architectural Polymers.

## Twelfth Defense

31.   The formliners sold by Architectural Polymers do not infringe Passeno's Patents because Architectural Polymers' formliners do not include each and every element of any of the claims of Passeno's Patents.

<u>Thirteenth Defense</u>

32. The Counterclaim fails to state a claim upon which relief can be granted.

           McNEES WALLACE & NURICK LLC

           By: <u>s/ Harvey Freedenberg</u>
                Harvey Freedenberg
                I.D. No. PA23152
                Jonathan P. Miller
                I.D. No. PA86073
                100 Pine Street
                P.O. Box 1166
                Harrisburg, PA  17108-1166
                (717) 232-8000
                FAX:  (717) 237-5300
                Attorneys for Plaintiff
                Architectural Polymers, Inc.

Dated:     October 6, 2003

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the following counsel of record:

        Kevin C. Quinn, Esquire
        Elliott Reihner Siedzikowski & Egan, P.C.
        400 Spruce Street, Suite 300
        Scranton, PA  18502

        David W. Wicklund, Esquire
        Shumaker, Loop & Kendrick, LLP
        North Courthouse Square
        1000 Jackson Street
        Toledo, Ohio  43624-1573

        Remy J. VanOphem
        VanOphem & VanOphem, P.C.
        Shelby Township, MI  48317-4447

                      /s Harvey Freedenberg
                      Harvey Freedenberg

                      Attorneys for Plaintiff
                      Architectural Polymers, Inc.

Date: October 6, 2003